2026R00097/BDB

RECEIVED

AUG 0 4 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp, U.S.D.J. |
| v. | : | Crim. No. 26-329-01 (MAS) |
| JOHN GERARD EBERT | : | 18 U.S.C. § 1349 |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States charges:

## COUNT ONE
### (Conspiracy to Commit Bank Fraud)

1.     At all times relevant to this Information:

a.     Defendant John Gerard Ebert ("EBERT") was a resident of New Jersey.

b.     Co-Conspirator Wayne Bessant ("Bessant") was a resident of Mercer County, New Jersey.

c.     Payee-1 was a company located in Bergen County, New Jersey.

d.     Payee-2 was the sole member of Payee-1.

e.     Financial Institution-1 was a bank headquartered in New York, New York, and was a federally insured financial institution, as the term is defined in Title 18, United States Code, Section 20.

### The Conspiracy

2.     From in or around March 2023 through in or around June 2025, in Union, Middlesex, Mercer, and Burlington Counties in the District of New Jersey, and elsewhere, the defendant,

## JOHN GERARD EBERT,

knowingly and intentionally conspired and agreed with Bessant and others to execute and attempt to execute a scheme and artifice to defraud financial institutions, as defined in Title 18, United States Code, Section 20, whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of those financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Sections 1344(1) and (2).

### Goal of the Conspiracy

3.    It was the goal of the conspiracy for WADE, Bessant, and others (the "Co-Conspirators") to enrich themselves by depositing stolen checks into fraudulent bank accounts using false or altered documentation and false misrepresentations.

### Manner and Means of the Conspiracy

4.    The manner and means by which the Co-Conspirators sought to accomplish the goal of the conspiracy included, among other things, the following:

a.    First, Bessant received stolen commercial checks and stolen checks issued by the United States Department of the Treasury to payee businesses (the "Stolen Treasury Checks").

b.    Second, the Co-Conspirators opened shell companies and acquired business-related documents in the names of the payees that were listed on the stolen checks, or in names similar to the payees' names, using a combination of three methods:

2

i.      the *Hijack Method*: where the Co-Conspirators changed the registered agent on the payee's official records to one of the Co-Conspirators;

ii.      the *Spoofing Method*: where the Co-Conspirators applied for business formation documents on behalf of fictitious companies using a name that was the same as, or similar to, that of the payee; and/or

iii.      the *Alteration Method*: where the Co-Conspirators altered documents from the payee business, changing the payee's company name, registered agent, and/or addresses.

c.      Third, fraudulent bank accounts in the names of the payees or in names similar to the payees' names were opened by the Co-Conspirators using those documents. For example, a business charter for a fictitious company with a name similar to Payee-1's name was filed on or about June 15, 2023. On or about August 30, 2023, Bessant "hijacked" the official New Jersey Department of Treasury Division of Revenue and Enterprise Services records of Payee-1 by changing the registered agent from Payee-2 to the name of an alias used by Bessant. On or about July 5, 2023, Bessant opened a business bank account ending in 1124 in a company name similar to Payee-1 at a branch of Financial Institution-1 by using Bessant's alias and the falsified documents ("Account 1124").

d.      Fourth, after the fraudulent bank accounts were opened, the Co-Conspirators deposited the stolen checks in the fraudulent bank accounts and withdrew and/or transferred the proceeds to distribute them among the Co-Conspirators. For example, on or about July 12, 2023, Bessant deposited into Account 1124 a Treasury check of approximately $448,445.14 payable to Payee-1 and Payee-

3

2. After depositing the funds, Bessant and another Co-conspirator enlisted EBERT to impersonate Payee-2. On or about July 31, 2023, Bessant and EBERT went to a branch of Financial Institution-1 to add EBERT as a signatory to Account 1124 using Payee-2's name. As proof of identification, EBERT provided the bank with a fraudulent driver's license bearing Payee-2's name and EBERT's picture.

e.    As a result, the Co-Conspirators obtained and attempted to obtain millions of dollars from the victim financial institutions.

f.    During the conspiracy, EBERT facilitated the fraudulent deposits and attempted deposits of at least three Stolen Treasury Checks, totaling approximately $534,417.25.

All in violation of Title 18, United States Code, Section 1349.

4

## FORFEITURE ALLEGATION

1.     Upon conviction of the conspiracy to commit bank fraud charged in this Information, the defendant,

### JOHN GERARD EBERT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of such conspiracy.

### SUBSTITUTE ASSETS PROVISION

2.     If any of the property described above, as a result of any act or omission of the defendant, any of the above-described forfeitable property:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

ROBERT FRAZER
United States Attorney

Benjamin D. Bleiberg
Assistant U.S. Attorney

Approved by:

Elaine K. Lou
Chief, Criminal Division

6

CASE NUMBER: <u>26-329-01 (MAS)</u>

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

v.

## JOHN GERARD EBERT

# INFORMATION FOR

## 18 U.S.C. § 1349

ROBERT FRAZER
UNITED STATES ATTORNEY

BENJAMIN D. BLEIBERG
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2700